IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **REAL LIVING REAL ESTATE, LLC,**<br><br>      Petitioner,<br><br>   v.<br><br>**CHICAGO AGENT PARTNERS, LLC, d/b/a, REAL LIVING HELIOS REALTY, INFINITY REALTY PARTNERS LLC, TRIPTI KASAL, BRIAN KASAL, HELIOS REALTY AND DEVELOPMENT LLC, ANDREW R. MAGLIOCHETTI, and JOSEPH M. MAGLIOCHETTI**<br><br>      Respondents. | Case No. 12 C 9262<br><br>Hon. Harry D. Leinenweber |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Real Living Real Estate, LLC's Motion to Confirm Arbitration Award. For the reasons stated herein, the Motion is granted.

**I. BACKGROUND**

Petitioner Real Living Real Estate, LLC ("Real Living") is in the business of granting franchises to businesses and individuals. Its franchises include the right to operate residential real estate brokerage offices using the name Real Living and also include the right to utilize various trade and service marks associated with Real Living.

In 2005, Chicago Agent Partners, LLC, Infinity Realty Partners LLC, Tripti Kasal, Brian Kasal, Helios Realty and Development LLC, Andrew R. Magliochetti, and Joseph M. Magliochetti (collectively, hereinafter, the "Respondents") entered into a Franchise Agreement with Real Living. In April 2010, Respondents sought to renew their 2005 Agreement and entered into a second Franchise Agreement with Real Living. As part of the April 2010 Agreement, each Respondent executed a promissory note.

Shortly after the 2010 Agreement was executed, however, Respondents notified Real Living of their intentions to cease doing business as a Real Living franchise and refused to pay Real Living their respective notes. After learning these intentions, Real Living sought arbitration pursuant to the terms of the 2010 Agreement. Real Living claimed Respondents breached their obligations under the Agreement by terminating the franchise and failing to repay the promissory notes.

In August 2012, Real Living's claims were arbitrated through the American Arbitration Association. The Arbitrator found in favor of Real Living and awarded $516,653.43 in costs, expenses, interest, and administrative fees. The award was split proportionally among Respondents.

On November 19, 2012, Real Living filed a Petition to Confirm the Arbitration Award in this Court. In response to the Petition, Respondents filed objections to confirmation and moved to vacate

the award. In their objections, Respondents contend the arbitration award should be vacated because it was procured through fraudulent and undue means.

## II. LEGAL STANDARD

"Judicial review of an arbitration panel's award is extremely limited." *Yasuda Fire & Marine Ins. Co. of Europe, Ltd. v. Cont'l Cas. Co.*, 37 F.3d 345, 349 (7th Cir. 1994). Indeed, under the Federal Arbitration Act, there are only four grounds which permit the Court to set aside an arbitration award. 9 U.S.C. § 10(a). Such instances are limited to circumstances where the award was procured through (1) "corruption, fraud or undue means"; (2) biased or corrupt arbitrators; (3) arbitrators who "were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other [prejudicial] misbehavior"; or (4) arbitrators who "exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." *Id.*

The Court cannot vacate an arbitration award merely because an arbitrator makes an error. *IDS Life Ins. Co. v. Royal Alliance Assocs., Inc.*, 266 F.3d 645, 650 (7th Cir. 2001). In fact, even if "an arbitrator makes a mistake, by erroneously rejecting a valid, or even a dispositive legal defense," this is insufficient for the

Court to vacate an award. *Flexible Mfg. Sys. Pty. Ltd. v. Super Prods. Corp.*, 86 F.3d 96, 100 (7th Cir. 1996).

### III. <u>ANALYSIS</u>

Respondents argue the arbitration award should be vacated because Real Living procured the award through "fraud or undue means." Resp'ts' Verified Objs. to Confirm'n at 1; 9 U.S.C. § 10(a)(1). Specifically, Respondents claim Real Living failed to submit the requisite disclosures under Sections Five and Sixteen of the Illinois Franchise Disclosure Act (the "IFDA").

Section Five of the IFDA directs a franchisor like Real Living to produce a disclosure statement to a prospective franchisee. 815 ILCS 705/5. This disclosure must comply with the Federal Trade Commission's ("FTC") Disclosure Requirement and Prohibitions Concerning Franchising, found at 16 C.F.R. § 436 ("the FTC Regulations"). 815 ILCS 705/16. In relevant part, the FTC Regulations require a franchisor to disclose "[c]ivil actions, other than ordinary routine litigation incidental to the business, which are material in the context of the number of franchisees and the size, nature, or financial condition of the franchise system or its business operations" that the franchisor or an agent "[h]as pending against that person." 16 C.F.R. § 436.5(c)(1)(i)(B).

Respondents present evidence of four civil suits against Real Living filed between 2006 and 2009 that they claim Real Living failed to disclose prior to the April 2010 Franchise Agreement.

Respondents contend the nondisclosure of these "significant" suits prevented them from making "a fully advised determination as to the overall financial condition" of Real Living when Respondents renewed their franchise in 2010. Resp'ts' Verified Objs. to Confirm'n at 8. Respondents explain that "at a minimum, it is substantially plausible to believe that they would not have renewed" their franchise agreement with Real Living in 2010 had they known of the lawsuits. *Id.* at 9. Accordingly, Respondents argue the nondisclosure of the four lawsuits provides cause for this Court to vacate the arbitration award and deny Real Living's Motion for Confirmation. The Court disagrees.

As the Seventh Circuit instructs, for a movant to vacate an arbitration award due to fraud or undue means, the movant must establish a respondent's alleged fraud was: "(1) not discoverable upon the exercise of due diligence prior to the arbitration; (2) materially related to an issue in the arbitration; and (3) established by clear and convincing evidence." *Envtl. Barrier Co., LLC v. Slurry Sys.,* 540 F.3d 598, 608 (7th Cir. 2008). All three requirements must be satisfied for the Court to vacate an award. *Id.*

In this case, Respondents admit that their attorney knew of the lawsuits against Real Living "a short time before the arbitration hearing commenced." Resp'ts' Verified Objs. to Confirm'n at 7. Indeed, Respondents recall their presentation of

evidence regarding the impact Real Living's nondisclosure had on their decision to renew in 2010 during the arbitration proceedings. It is undisputed the Arbitrator considered such evidence in rendering his award. These facts render Respondents' demand to vacate the award futile; as it is clear they cannot establish that Real Living's alleged fraud was not discoverable prior to arbitration.

Moreover, to the extent Respondents ask this Court to second-guess the Arbitrator's decision to proceed with the arbitration or render an award to Real Living, the Court refuses to do so. Requests such as these are clearly beyond the scope of permissible judicial review. *See Super Products*, 86 F.3d at 100 (stating even an arbitrator's erroneous rejection of a "dispositive legal defense" is not grounds for vacating an arbitration award).

As added support, this Court previously rejected an analogous argument in *Vita Products, Inc. v. Sklar*, No. 94 C 9798, 1995 WL 360696 (N.D. Ill. June 13, 1995). In that case, the movant urged the Court to vacate an arbitration award because the award was procured through undue means. *Id.* at *3. In finding this argument meritless, this Court determined the movant failed to satisfy its burden under Section 10(a)(1) since "it [was] obvious that not only was the alleged undue means discoverable at the time [of arbitration], it was *discovered* [during arbitration]." *Id.* at *4 (emphasis in original).

The same is true in this case. Respondents argue this Court should vacate the arbitration award for reasons the Arbitrator heard and rejected. The wisdom of the Arbitrator's decision to reject such arguments is of no import here. To hold otherwise, would simply give Respondents a second bite of the apple, something courts in this district routinely refuse to do after arbitration proceedings are complete. *See Local 15, Int'l Broth. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 785 (7th Cir. 2007). The Court therefore rejects Respondents' objections, denies their request to vacate the arbitration award, and grants Real Living's motion for confirmation.

## IV. CONCLUSION

For the reasons stated herein, the Court grants Petitioner Real Living Real Estate, LLC's Motion to Confirm Arbitration Award.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: 4/18/2013